UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ENVISION INSURANCE CO.,**

    **Plaintiff,**

v.                                                                          Case No: 8:13-CV-114-T-17EAJ

**GRAYROBINSON, P.A., et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendants QHP Group, Inc. ("QHP Group"), Quality Health Plans Insurance Company, Inc., QHP Financial Group, Inc., Health Management Services of America, Inc., Sabiha Khan, Dr. Nazeer H. Khan, Safia Khan, and Dr. Haider Khan's (collectively the "QHP Defendant's") **Motion to Strike Certain Allegations in Plaintiff's Amended Complaint** (Dkt. 77) and Plaintiff's **Response** (Dkt. 112). Also before the Court is Defendant Foley & Lardner, LLP's ("Foley's") **Motion to Strike Certain Allegations in Plaintiff's Amended Complaint** (Dkt. 80)[1] and Plaintiff's **Response** (Dkt. 105).[2]

## Background

On January 11, 2013, Plaintiff Envision Insurance Company ("Plaintiff") brought this action against GrayRobinson P.A., Dunsford and Associates, P.A., and Tina E. Dunsford, the QHP Defendants, and Foley (collectively "Defendants"). The discovery deadline is July 31, 2014, the

---

[1] Foley joins the QHP Defendants in their motion to strike and adopts and incorporates their arguments in its motion to strike. (Dkt. 80) GrayRobinson P.A., Dunsford and Associates, P.A., and Tina E. Dunsford also join in the relief requested in the motions to strike. (Dkt. 82)

[2] This matter has been referred to the undersigned for a report and recommendation. (Dkt. 34) See 28 U.S.C. § 636(b) (2009); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

dispositive motion deadline is August 29, 2014, and trial is set for February 2, 2015. (Dkt. 66)

In its Amended Complaint on April 24, 2013, Plaintiff alleged civil conspiracy, fraudulent inducement, negligent misrepresentation, fraudulent concealment, aiding and abetting fraud, and negligence against Defendants arising from Plaintiff's attempted purchase of a federal Medicare contract ("Contract") from non-party Quality Health Plans, Inc. ("QHP"), a health maintenance organization ("HMO"). A Letter of Intent transferred the financial responsibility for the Contract to Plaintiff as of January 1, 2009, and on March 1, 2009, QHP and Plaintiff entered into a Reinsurance Agreement. After numerous demands by Plaintiff to QHP for payment of member premiums, Plaintiff terminated the Reinsurance Agreement, effective April 15, 2010. QHP was placed into receivership and subsequently liquidated on December 1, 2011. According to Plaintiff, Defendants participated in a Medicare fraud scheme and made material misrepresentations and willfully withheld information about QHP to induce Plaintiff to pay $600,000 to QHP and enter into contracts that cost Plaintiff millions of dollars. Plaintiff alleges that the Khan family controlled and operated QHP and that Tina E. Dunsford orchestrated the massive Medicare fraud scheme while Foley and GrayRobinson, P.A. promoted her as a healthcare regulatory expert.

## Standard

The Federal Rules of Civil Procedure provide that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters" and is not intended to "procure the dismissal of all or part of a complaint." Schmidt v. Life Ins. Co. of N. Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012) (internal quotation marks and citation omitted). As a motion to strike is a drastic remedy and

is disfavored by the courts, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

### Parties' Positions

The QHP Defendants seek to strike the allegations of events occurring after the termination of the Reinsurance Agreement as irrelevant, including: QHP's suspension from the federal Medicare program; extensive fines from the Center for Medicare and Medicaid Services; and the Leon County Circuit Court order to liquidate QHP. Plaintiff claims that these events are relevant to its claims and provide useful background information.

The QHP Defendants argue that the Court should strike the allegations regarding the arrests of Sabiha Khan and Dr. Nazeer Khan for intentionally filing misleading information with Florida's Office of Insurance Regulation ("OIR") to conceal the financial insolvency of QHP and placing policy holders at risk. Asserting that the arrests occurred after the termination of the Reinsurance Agreement, are irrelevant, and violate the principle of presumption of innocence, the QHP Defendants argue that Plaintiff does not allege that Sabiha Khan or Dr. Nazeer Khan were convicted for any crimes or that Plaintiff suffered any damages as a result of the arrests. Plaintiff responds that the arrests demonstrate the direct outcome of the Defendants' allegedly illegal scheme, that the allegations do not contain unnecessary detail, and that referring to the illegal conduct is not scandalous.

The QHP Defendants also seek to strike Plaintiff's allegations regarding the criminal investigation and conviction of Christopher Phillips ("Phillips") and Vicis Capital, LLC's ("Vicis

Capital's") investment in the QHP Group, the parent company of QHP.[3] Plaintiff alleges that Vicis Capital purchased a twenty percent ownership interest in QHP Group, that Phillips, a representative of Vicis Capital, was a director and owner of QHP Group, and that Phillips was criminally investigated and convicted of conspiracy and health care fraud. The QHP Defendants argue that Phillips' criminal investigation and conviction are irrelevant because Plaintiff has not alleged that Defendants had any legal duty to disclose the investigation and conviction to Plaintiff or that it resulted in damages to Plaintiff. Defendants contend that these allegations confuse the issues set forth in the Amended Complaint and prejudice Defendants. Further, the criminal "Information" and "Agreed-To Statement of Facts" attached as an exhibit to the original Complaint show that the investigation and conviction pertained to Phillips' acts in his capacity as an investor for entities unidentified, unnamed, and unrelated to those in the Amended Complaint.

Plaintiff claims that these matters are relevant as Defendants concealed Vicis Capital's investment in the QHP Group and the criminal investigation and conviction of Phillips as part of their fraudulent scheme. As these are matters of public record, Plaintiff states that there should be no issue with these allegations appearing in the pleadings because a district court may take judicial notice of public records, this information would likely be admissible at trial under Fed. R. Evid. 803, and allegations based on public records cannot prejudice such parties.

The QHP Defendants seek to strike Plaintiff's allegations regarding QHP's monthly reports, communications with OIR, and a forged Bank of America document because these alleged facts and events occurred after Plaintiff's termination of the Reinsurance Agreement with non-party QHP and

---

[3] On April 25, 2013, the Court dismissed former defendants Phillips and Vicis Capital pursuant to Plaintiff's Stipulation of Dismissal. (Dkt. 73)

do not relate to events that occurred before or during the Reinsurance Agreement effective dates. The QHP monthly reports and communications with OIR are dated eight to fifteen months after the termination of the Reinsurance Agreement.  Regarding the forged Bank of America letter, QHP advised the OIR of a capital infusion in April 2011 by faxing a letter purportedly from Bank of America which, in August 2011, was discovered to be forged and inauthentic.  Defendants contend that these allegations have no impact on Plaintiff's claims, are irrelevant, and are substantially likely to prejudice Defendants.  Plaintiffs respond that these documents demonstrate the brashness of the Defendants' fraudulent scheme, that Defendants continued to misrepresent that QHP was financially solvent to state regulators during 2011, and that such false reporting allowed Defendants to continue to draw salaries while operating QHP for its financial benefits.

Defendant Foley seeks to strike Plaintiff's allegations that Defendants, including Tina E. Dunsford as an agent of Foley, conspired to defraud the United States in violation of 18 U.S.C. § 371. Defendant Foley argues that this is a civil case involving private citizens alleging fraud and misrepresentation in the context of a contractual relationship, there is no civil cause of action or private right of action under 18 U.S.C. § 371, and the reference to 18 U.S.C. § 371 is immaterial and inflames and confuses the issues.  Plaintiff responds the reference to 18 U.S.C. § 371 is relevant to the allegations of fraud and that referring to illegal conduct is not scandalous.

## Conclusion

The QHP Defendants and Foley fail to show that the contested allegations have no possible relationship to the controversy, confuse the issues, or prejudice Defendants, or that striking these allegations would clean up the pleadings, streamline litigation, or avoid unnecessary forays into immaterial matters. The contested allegations are not redundant, immaterial, impertinent, or

scandalous.

The Court finds unpersuasive the QHP Defendant's assertions that the allegations should be stricken merely because the alleged facts and events occurred outside the effective dates of the Reinsurance Agreement with non-party QHP. Nor should the allegations involving QHP be precluded merely because QHP is a non-party; Plaintiff alleges significant connections between Defendants and the now-liquidated QHP. The allegations regarding QHP's monthly reports, communications with OIR, and a forged Bank of America document are sufficiently related to Plaintiff's claims.

The criminal investigation and conviction of Phillips and Vicis Capital's investment in QHP Group are matters of public record, and Plaintiff alleges that Defendants concealed such facts from Plaintiff as part of their fraudulent scheme. The allegations regarding the arrests of Defendants Sabiha Khan do not contain unnecessary detail and do not unduly prejudice Defendants. The allegations that Defendants conspired to defraud the United States in violation of 18 U.S.C. § 371, although providing no civil cause of action, relate to Plaintiff's claims of fraud and do not confuse the issues nor unduly prejudice Defendants. The references to illegal conduct are not immaterial or scandalous in the context of Plaintiff's claims of fraud. See BB in Technology Co., Ltd. v. JAF, LLC, 242 F.R.D. 632, 641 (S.D. Fla. 2007); Ammirati v. Bonati, No. 92–1052-CIV-T-17(B), 1994 WL 34175, at *2-3 (M.D. Fla. Feb. 2, 1994). Accordingly, the motions to strike should be denied.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) The QHP Defendant's Motion to Strike Certain Allegations in Plaintiff's Amended Complaint (Dkt. 77) be **DENIED**; and

(2) Foley's Motion to Strike Certain Allegations in Plaintiff's Amended Complaint (Dkt.

80) be **DENIED**.

**Date: August 8th, 2013**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).